IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kim Eugenia Sawyer | ) | |
| | ) | Civil Action No. 1:16-cv-327-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Kim Eugenia Sawyer ("Sawyer"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the Magistrate Judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 29).[2] In the Report, the Magistrate Judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Sawyer has filed objections to the Report (ECF No. 37), and the Commissioner has responded to those objections (ECF No. 39). Accordingly, this matter is now ripe for review.

---

[1]Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2]A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. BACKGROUND

Sawyer applied for DIB and SSI on August 7, 2012, alleging disability beginning on June 25, 2011. Sawyer's application was denied initially and on reconsideration. On August 21, 2014, an Administrative Law Judge ("ALJ") heard testimony from Sawyer and a vocational expert ("VE"). At the hearing, Sawyer amended her alleged onset date to January 9, 2012. On October 29, 2014, the ALJ issued a decision denying Sawyer's claim. (ECF No. 11-2 at 31-46).

In his decision, the ALJ found that Allen suffered from the following severe impairments: degenerative disc disease and pelvic fracture. (ECF No. 11-2 at 33). The ALJ found that, despite Sawyer's limitations, she was capable of performing past relevant work as an administrative assistant. (ECF No. 11-2 at 42). Sawyer sought review of her case by the Appeals Council. The Appeals Council denied Sawyer's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

# II. STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency

are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. DISCUSSION

In her objections, Sawyer contends that the Magistrate Judge erred by concluding that 1) the ALJ properly considered Sawyer's ability of performing past relevant work as an administrative assistant; and 2) the ALJ properly discounted the opinion of a treating physician, Dr. Mardikian. The court addresses each objection below.

First, Sawyer contends that the ALJ merely referred to exhibits and did not make any findings as to the physical and mental demands of her past relevant work as an administrative assistant. Sawyer contends this is not harmless error. Sawyer focuses on the specific duties she was responsible for when she worked as an administrative assistant, rather than on how the job is generally performed in the economy. As the Magistrate Judge noted, an individual is deemed capable of performing past relevant work if she can performed the job as actually performed in the past OR as generally performed in the economy. Social Security Regulation ("SSR") 82-62 specifically provides that a plaintiff is not disabled within the meaning of the SSA if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* SSR 82-62. According to SS 82-62, "[t]he [Residual Functional Capacity (RFC)] to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.' " *Id.*

3

Therefore, although Sawyer argues that she was unable to perform her past relevant work as she actually performed it, the ALJ's conclusion that she was not disabled was not based on her inability to perform her past specific job. Rather, the ALJ determined that she was able to perform her past relevant work as an administrative assistant as it as it is customarily performed throughout the economy. Therefore, the court finds that the ALJ did not err.

Second, Sawyer contends that the ALJ erred in discounting the opinions of a treating physician, Dr. Pascale Mardikian. In June 2013, Dr. Mardikian completed a mental medical source statement in which he noted that Sawyer had responded well to her current medication, but he opined that her stability had been maintained because of her limited interactions with others. (ECF No. 11-7 at 73-77). Dr. Mardikian noted that Sawyer would be affected in leaving her home environment and likely decompensate. (ECF No. 11-7 at 76). He also noted she had GAF Score of 55. (ECF No. 11-7 at 73). In August 2014, Dr. Mardikian completed another mental medical source statement in which he noted Sawyer suffered from severe anxiety and depression and he opined that it is unlikely that Sawyer would be able to work. (ECF No. 11-8 at 40-42). He noted Sawyer had a GAF score of 60. (ECF No. 11-8 at 40).

The ALJ accorded these opinions little weight as he found they were inconsistent with Dr. Mardikian's treatment notes - which document relatively benign clinical findings on mental status examinations and consistently assess Sawyer with mild GAF scores of 70 on each visit. Sawyer contends that Dr. Mardikian, a psychiatrist, has treated her for depression and anxiety on a regular basis since 2012, and Dr. Mardikian's records support her opinion. Where a treating physician's opinion is inconsistent with his own treatment notes and other evidence of record, as is the case here, the ALJ may give the opinion limited weight. *See Dunn v. Colvin*, 607 Fed.Appx. 264, 269 (4th Cir. 2015) (unpublished) (*citing Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014)). The function of

this court is not to review Sawyer's claims de novo or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (*citing* 42 U.S.C. § 405(g); and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g). As the Magistrate Judge found, the record supports the ALJ's decision to discount Dr. Mardikian's opinions.

## IV. CONCLUSION

Having conducted the required de novo review of the issues to which Sawyer has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the Magistrate Judge in her Report, and the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 29), and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
August 10, 2017